**Honorable James L. Robart**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR09-0160 JLR |
| Plaintiff, ) | |
| v. ) | DEFENDANT THOMPSON'S |
| ) | MEMORANDUM FOR |
| HUMBERT A. REYES-RODRIGUEZ, et al ) | SENTENCING |
| and MICKI S. THOMPSON,. et al, ) | |
| ) | |
| Defendants. ) | |

Defendant Micki S. Thompson, by and through her attorney, James L. Vonasch, respectfully submits the following memorandum for the Court's consideration prior to sentencing:

## I. Discussion of Guidelines

Regarding the base offense level, the parties are both agreed that the base offense level should be a 7. The defense and the United States Attorney agree that the loss amount is more than $1M and less than $2.5 M. This is based upon the Plea Agreement which was entered into rather early in the case. Because it was necessary for Micki Thompson to become a witness in the case against Mr. Poff, subsequent investigation revealed that the amount might be more. However, the defendant contends that it would be unfair to use the fact that she delayed her sentencing in order to become a witness as a basis to increase her punishment. It seems a better policy for courts to encourage people to

DEFENDANT THOMPSON'S MEMO
FOR SENTENCING - 1

**JAMES L. VONASCH**
*Attorney at Law*
200 Maynard Building
119 First Avenue
Seattle, Washington 98104
(206) 682-1016

become witnesses and not make their punishments more severe if there are delays in a co-defendant's trial, which would be beyond the control of the potential witness.

The Guidelines have policy discussions in a related area which favor the defendant's position. Guideline §1B1.8 discusses the situation wherein a defendant agrees to cooperate and provides information which is self-incriminating. The section cited indicates that the policy of the Guidelines is that this information will not be used in determining the applicable Guideline range, except as provided in agreement with the government. This is an understandable policy because a defendant should be encouraged to cooperate and should not be punished more because the defendant has told the truth, even though that truth might be harmful to the defendant's position.

The defendant contends that the present situation before the Court is analogous because, had she been sentenced earlier, the Guideline range would have been as agreed in the Plea Agreement, less than $2.5M.

The defendant requests the Court to provide her with a two-point adjustment downward because she had a mitigating role and was a minor participant.

## II. Section 3B1.2 of the Guidelines

The evidence in this case is very clear that Micki Thompson was manipulated by Mr. Poff and Ms. Ikilikyan. As can be seen from the letter of a co-worker, Ms. Thompson's job was extremely stressful. She was encouraged to be nice to realtors and mortgage brokers, and other people who would bring business to her employer. Based upon that encouragement, she originally went out of her way to help Mr. Poff and Ms. Ikilikyan, and was gradually induced to join in the fraudulent behavior. She certainly would not have originated any of these ideas herself. Up until now, she has lived a law-abiding life and this type of behavior was atypical. It was a result of manipulations and inducements and confrontations she had to face in her normal work life and especially from Mr. Poff. In fact, it was almost like a "good-cop, bad-cop" situation because Ms.

DEFENDANT THOMPSON'S MEMO
FOR SENTENCING - 2

**JAMES L. VONASCH**
*Attorney at Law*
200 Maynard Building
119 First Avenue
Seattle, Washington 98104
(206) 682-1016

Ikilikyan charmed her and Mr. Poff pushed her around.

In addition, Ms. Thompson did not receive anywhere near the monies which were received by the other defendants. A small amount of the money she received went to a charity, some of it went to an attorney for her daughter, and the rest for normal living expenses. She clearly received substantially less money from this scheme than the others and is a minor participant.

The adjusted offense level, thus, should be a 25 and, subtracting three points for accepting responsibility, the total offense level should be a 22. The defendant has no criminal history and the Guideline range, then, would be 41 to 51 months.

### III. Recommendation

This is a very unusual case. Micki Thompson cannot believe that she has gotten herself involved in this situation. Up until now, she as stated before, has lived a law-abiding life. She is active in her church. She helps other people. She has raised three children, two of whom are living productive lives. Micki Thompson also has overcome many difficult things in her life. Her daughter, Lisa, who is 35, suffers from epilepsy and possible autism. Her mental capacity decreased after she had a child. As a result, Lisa must be taken care of full time by her mother. It is an extreme burden which Ms. Thompson has borne without complaint. It is hard to imagine taking care of a 35-year-old child who from time to time has the ability to reason and has the maturity of a 12-year old. Lisa has worked at the nearby grocery store, taking out groceries and bagging them. However, Lisa now has had a relapse and is in an even worse situation. Lisa was in the hospital when Micki Thompson was testifying, and the entire situation has been extremely stressful.

Adding to this is Micki Thompson's father. As indicated in the Presentence Report, her father was extremely abusive to Micki and her sisters. Her father physically abused and assaulted her mother and all of the children throughout their childhood.

DEFENDANT THOMPSON'S MEMO
FOR SENTENCING - 3

**JAMES L. VONASCH**
*Attorney at Law*
200 Maynard Building
119 First Avenue
Seattle, Washington 98104
(206) 682-1016

1  Although the mother was hospitalized on occasions, this occurred at a time when the
2  authorities did not prosecute these cases or take them as seriously as they now do. Micki
3  and her sisters would hide from their father when he was having his rages.  One of the
4  reasons she likely had a child at age 17 was to get away from her father. Unfortunately,
5  her first husband was also abusive.

6  This trauma has caused Micki Thompson to be insecure and vulnerable to
7  pressure, especially from males.  One of the reasons she succumbed to certain pressures
8  from Mr. Poff was based upon her history of vulnerability.

9  To demonstrate Ms. Thompson's generous heart, her father has recently had
10 serious health problems and is unable to take care of himself.  Micki has allowed him to
11 move into her home and is caring for her father on a daily basis.

12 Micki Thompson clearly is a very special person.  She deeply regrets her
13 involvement in this criminal offense.  The Court had the opportunity to observe her
14 testimony. It is true that she had difficulty at first accepting her misbehavior, but once she
15 realized how important it was to confront her past behavior, she was able to clearly and
16 explicitly admit what she had done and testify truthfully to the best of her ability.

17 Normally, in a situation like this, I would recommend a prison sentence of at least
18 a year-and-a-day.  However, there are reasons that I in fact recommend one year of home
19 detention instead. Home detention possibly can be a more severe sentence than imprison-
20 ment because of the severe restrictions on the person involved.  It would be a severe
21 punishment, but it also would allow Micki Thompson to remain in her home and care for
22 her daughter and her father.  She is presently searching for other alternatives but it is not
23 clear that there are any.  Her daughter is extremely emotionally fragile - to have her
24 mother removed will cause problems. Only Micki knows how to handle her daughter. As
25 the Court is aware, autistic people require continuity. They can rapidly deteriorate if their
26 routines are removed from them. Removing Micki Thompson from her home will cause

27
28

DEFENDANT THOMPSON'S MEMO
FOR SENTENCING - 4

**JAMES L. VONASCH**
*Attorney at Law*
200 Maynard Building
119 First Avenue
Seattle, Washington 98104
(206) 682-1016

1  severe harm in all probability to Lisa Thompson.  Thus, the Court is respectfully asked
2  to impose a severely long term of home imprisonment.
3    DATED this 6th day of July, 2010.

              _/s/_James L. Vonasch_____
              James L. Vonasch, WSBA #2353
              Attorney for Defendant

Mailing address:  321 The Florentine
          526 First Avenue South
          Seattle WA 98104

By Legal Messenger: 200 Maynard Building
          119 First Avenue South
          Seattle WA 98104

Telephone and Fax: (206) 682-1016 phone
          (206) 447-1523 fax

Email:      vonaschj@comcast.net

  I certify that on July 6, 2010, I electronically filed the foregoing DEFENDANT THOMPSON'S MEMORANDUM FOR SENTENCING with the clerk of the court using the CM/ECF system which will send notification of such filing to the attorneys of all other parties of record.

              __s/James L. Vonash_____
              James L. Vonasch
              WSBA #2353
              Attorney for Defendant

DEFENDANT THOMPSON'S MEMO
FOR SENTENCING - 5

**JAMES L. VONASCH**
*Attorney at Law*
200 Maynard Building
119 First Avenue
Seattle, Washington 98104
(206) 682-1016